# Wytheville.

## SHUFFLEBARGER v. BLANCHARD AND OTHERS.

### July 2, 1903.

1. EQUITY PRACTICE—*Bill Charging Fraud—Demurrer.*—A bill to set aside a tax deed, which charges that the deed was illegal and was obtained by fraud of the grantee, setting out the facts with sufficient particularity to give the defendant notice, is good on demurrer, as the demurrer admits the facts charged.

2. RES JUDICATA—*Identity of Subject-Matter—Case in Judgment.*—The evidence in this cause does not sustain the plea of *res judicata* set up by the defendant. The bill in the first suit was filed to subject a tract of sixty acres of land. The present suit relates to a tract of thirty-four acres of land, which is not shown to be a part of the larger tract, and there is nothing in the record of the former suit to show that the smaller tract was involved in that suit, or that the parties thereto could have litigated, or were called upon to litigate, therein any right or question with respect thereto.

Appeal from a decree of the Circuit Court of the city of Bristol, pronounced May 27, 1902, in a suit in chancery wherein the appellant was the complainant, and the appellees were the defendants.

*Reversed.*

The bill in this cause and the demurrer were in the following words and figures:

"*To the Hon. John P. Sheffey, Judge of the Circuit Court of Washington County, Virginia:*

"Your complainant, Mary L. Shufflebarger, respectfully represents that she is the owner of a certain tract of land, situate

in Washington county, Virginia, being thirty-four acres, one rood and two poles. That before her marriage with W. K. Shufflebarger she was the widow of Robert Kindrick, deceased. That she had a life interest in about six acres of said land as her dower in the estate of her husband, Robert Kindrick, and that her children, Bettie, Annie, Sallie, Mollie, Minnie, who married respectively Barrett, Shanks, Weatherly, Leonard, Denton and Jesse H. and Ro. W. Kindrick, owned the balance of said land and the remainder of said six acres, as heirs of their father, Robert Kindrick. That she is now the owner of all of said land, having purchased the same from her children, together with all their rights, etc.

"Complainant further shows to the court that on Dec. 23d, 1899, one Mrs. Bessie B. Blanchard obtained a conveyance of said land from R. P. Cummings, clerk of the County Court of Washington county, the said Mrs. Blanchard having undertaken to purchase the same from the Commonwealth of Virginia under section 666 of the Code of Virginia.

"Complainant further shows to the court that said land was delinquent for taxes for the year 1885, and was sold and purchased by the Auditor of Public Accounts for the Commonwealth of Virginia, on Oct. 26, 1886, and that said land likewise for the years 1886 and 1887 was delinquent for taxes. As stated above, under section 666, Mrs. Bessie B. Blanchard undertook to purchase the said land from the Commonwealth as assignee of one L. P. Summers; but the proceedings by which she obtained a deed were so irregular and in such gross violation of the law that this complainant alleges that said deed is *illegal and void.* Said land was assessed in the name of Finley Shaffer and was sold in his name. L. P. Summers, of whom the said Mrs. Blanchard was assignee, filed an application on March 8th, 1898, to purchase some land, but as to what said application contained, and whether the same complied with section 666, and whether it was an application to purchase this

particular land, this complainant is unable to state absolutely, as she cannot find the application, never saw it, and she charges that the same is in the possession of Mrs. Bessie B. Blanchard or her husband and attorney, A. H. Blanchard. But this complainant charges that said application did not comply with section 666 in that it did not contain the name of Finley Shaffer, in whose name the real estate stood at the date of its purchase by the Commonwealth, nor did the said Mrs. Blanchard in said application offer to pay the amount of taxes, etc., for which the sale to the Commonwealth was made, together with such additional sums as would have accrued from the taxes and levies and interest if such real estate had not been so purchased by the Commonwealth as provided by section 666. But to the contrary, this complainant alleges and charges that she offered to pay only $――――――, which was the amount of the taxes and interest thereon for the years 1885, 1886, 1887; she did not offer to pay, nor did she pay, the taxes from 1887 to the date of her purchase in 1899.

"Complainant further states that no notice was ever given Finley Shaffer, the party in whose name the said land was assessed, as before set out, nor his personal representative, nor was there an order of publication as to him as the statute provides; but complainant states that notice, if any was given, was given to one Jordan Leonard who had no connection with said land nor ever had. Complainant further says that under said application filed on the 18th of March, 1898, said Mrs. Blanchard as the assignee of L. P. Summers, obtained a deed from R. P. Cummings, clerk, for a certain other tract of land known as "The Booher Tract," which said deed is recorded in Deed-Book 66, page 545, in the clerk's office of the County Court of Washington county; that she accepted said deed to the land purchased under said application and recorded the same; but that afterwards it was discovered by her said husband and attorney, A. H. Blanchard, that there were irregularities in said

purchase, or that she had not purchased the property which she set out to purchase, and thereafter, without additional application and without any further notice, she had a surveyor to make a survey of another tract of land, and the clerk of the court of Washington county, R. P. Cummings, to make her a deed therefor, said deed being the one complained of in this bill of complaint.

"Complainant further shows to the court that at the time of the filing of said application the said Robt. W. Kindrick, one of the owners of said land, was an infant under the age of 21 years.

"Complainant further shows that she is a married woman now, and that at the time of the filing of this application and of the execution of the deed herein set out, she was a married woman.

"Complainant further alleges and charges that A. H. Blanchard, agent and attorney of Bessie B. Blanchard, was well acquainted with the land in controversy, owns the land adjoining, and knew that it was not the land of Jordan Leonard, and that Jordan Leonard never had any connection with it, and that notice to said Leonard was not such as the statute required, and she charges that the statute was not complied with for the reason that it was the intention of the said A. H. Blanchard to get said land without notice to the real parties in interest, and without notice to the party in whose name the same was assessed, because if such notice had been given this complainant, she and her children would have ascertained that there was an application to purchase her land from the Commonwealth, and she or they would have redeemed the same as required by law.

"Complainant is informed, and so charges, that the deed of December the 23d, 1899, a copy of which is here filed, marked Exhibit 'A,' is void, because of the non-compliance with section 666 as herein set out, and because otherwise contrary to law, and further, because of the fraud practiced in procuring said deed by said agent. Complainant further states that said tract of land is worth at least $400.

"Complainant further states to the court that she has tendered to the said Bessie B. Blanchard the amount of taxes, costs, etc., with the interest thereon, paid by her, but she refuses to accept the tender and will not reconvey this property to her.

"Complainant further states that she is willing now to pay to her the said money paid to R. P. Cummings, clerk, by her, with interest thereon, and if required to do so, will deposit the same with the clerk of this court.

"Complainant further states that she is dependent upon this land for her living; that she is now in possession of the same and has been for a number of years.

"The premises considered, the prayer of this complainant is that the said R. P. Cummings, clerk, and the said Besssie B. Blanchard and her husband, A. H. Blanchard, be made parties defendant to this bill and be required to answer the same, but not under oath, answer under oath being waived, that the said defendants, or such of them as may know, be required to answer particularly as to the original application of the said defendant, Bessie B. Blanchard. to purchase said property from the Commonwealth, and to file the same with their answer; that the deed of conveyance, marked Exhibit 'A' be declared null and void; that all proper orders be directed and inquiries had, and such other, further and more general relief be granted to this complainant as to equity shall seem meet, or the nature of her case may require.

"And she will ever pray, &c."

## Demurrer.

"And the said defendants, by their attorneys, demur to complainant's said bill, and say the same is not sufficient in law or equity to entitle complainant to the relief sought nor to any relief whatsoever.

"Wherefore, they pray judgment, &c."

·"Grounds of Demurrer."

"First: Because the bill does not allege that the taxes and levies for which said real estate was sold were not properly chargeable thereon, or that the taxes and levies properly chargeable on said real estate had been paid.

"Second: Because the bill attempts to set up grounds of attack upon the tax deed sought to have annulled, which cannot, under the statutes applicable, be brought forward."

*H. G. Peters,* for the appellant.

*A. H. Blanchard* and *J. S. Ashworth,* for the appellees.

HARRISON, J., delivered the opinion of the court.

The bill in this case was filed by the appellant, Mary L. Shufflebarger, seeking to have set aside a tax title deed dated December 23, 1899, from the clerk of the County Court of Washington county, conveying to appellee, Bessie B. Blanchard, a tract of land containing 34 acres, 1 rood, and 2 poles, upon the ground of irregularities in the proceedings by which the deed was obtained, and, further, upon the ground of fraud in its procurement.

There was no error in the action of the Circuit Court in overruling the demurrer to the bill. The allegations of the bill furnish ample ground for the interposition of a court of equity, and the demurrer admitted their truth. The demurrer being overruled, appellee filed a plea of *res judicata,* in which she alleges that she obtained title to the land embraced in the deed of December 23, 1899, under and by virtue of another tax deed from the clerk of the County Court of Washington county, dated December 13, 1898; further alleging that this last-mentioned deed was confirmed to her by the Circuit Court of Washington county by a decree entered on the 19th day of April, 1899, in the suit of *J. H. Miller* v. *Wm. Shufflebarger, &c.,* and

that appellant was a party to that suit, and had full oppor-
tunity therein to obtain the relief now sought in this suit; and
therefore that the matters in controversy are *res judicata* as
to her. Issue was joined upon this plea, and the Circuit Court
sustained the contention of appellee, holding that the land in
controversy, embraced in the deed of December 23, 1899, was
covered by the deed of December 13, 1898, and dismissed the
bill.

It appears that appellee, as assignee of the rights of L. P.
Summers, obtained from the clerk of the County Court of
Washington county a deed dated December 13, 1898, to 60
acres of land, described by metes and bounds.. It further ap-
pears that on the 23d day of December, 1899, appellee obtained
from the same clerk a second deed of the last-named date con-
veying to her 34 acres, 1 rood, and 2 poles, which is likewise
described by metes and bounds. These two deeds purport to
be executed, in pursuance of the statute, for land sold and
bought in by the Commonwealth for taxes. They are practi-
cally in the same words, except the amount and description of
the land mentioned in each. As already shown, the deed of
1898 conveys 60 acres, while the deed of 1899 conveys 34 acres,
1 rood, and 2 poles. There is nothing in the description by
metes and bounds to suggest that the larger tract embraces the
smaller; on the contrary, it would seem that such was not the
case, as the outside boundaries of the larger tract make it, at
certain points, bounded by the Finley Shaffer land, which is the
smaller tract, or land in controversy.

There is in the record a deed dated December 16, 1879, from
Joseph Booker, of the county of Washington, which conveys to
the widow and heirs of Robert Kindrick—the widow mentioned
being the appellant here—a tract of land containing 60 acres,
described as the land of one James Shaffer. The metes and
bounds given in this deed are exactly the same as those in the
deed dated December 13, 1898, from the clerk to the appellee,

and show that the 60-acre tract is bounded at several points by the land of Finley Shaffer.

There is also in the record a deed dated February 22, 1901, from Finley Shaffer to the widow and heirs of Robert Kindrick, conveying to them a tract of land containing 34 acres, 1 rood, and 2 poles. This deed states that it is in lieu of a lost deed to the same land made to Robert Kindrick in his lifetime. The metes and bounds given in this deed are practically the same as those given in the deed dated December 23, 1899, from the clerk conveying to the appellee the 34 acres, 1 rood, and 2 pole tract.

These two deeds show that the land in controversy, 34 acres, 1 rood, and 2 poles, is an entirely different tract of land from the 60-acre tract, and was derived by the appellant from an entirely different source.

The record in the case of *Miller* v. *Shufflebarger*, which is the sole evidence relied on in support of the plea of *res judicata*, wholly fails to sustain such plea. The bill in that case was filed to subject to sale a tract of 60 acres of land. The allegation is that the debtor owned a tract of 60 acres, describing it as the James Shaffer land, and the same conveyed by Joseph Booker to the widow and heirs of Robert Kindrick. The commissioner to whom the cause was referred reports that the land sought to be subjected in that suit had been sold for taxes, and conveyed to appellee by deed dated December 13, 1898; thus identifying the land embraced in the last-mentioned deed as the Booker land, derived from James Shaffer. And the final decree of April 19, 1899, brings the cause on upon the commissioner's report, and the deed from the clerk to the appellee for the 60 acres, and, recognizing that said deed defeated the object of the suit, dismissed the cause at the cost of the complaining creditor. There is nothing in the record of *Miller* v. *Shufflebarger* to show that the tract of land containing 34 acres, 1 rood, and 2 poles was involved in that suit, or that the

parties thereto could have, or were ·called upon. to litigate therein, any right or question with respect thereto. If it be true, as contended by appellee, that her first deed to 'the 60-acre tract covers and embraces the 34 acre, 1 rood, and 2 pole tract now in controversy, the record affords no explanation ·of the apparently unnecessary course of afterwards obtaining a second deed to part of the same land already covered by the first.

Upon the whole case, we are of opinion that the plea of *res judicata* was not sustained, and that appellant was not estopped by the record of *Miller* v. *Shufflebarger* to maintain her present·suit.

For these reasons the decree complained of must be reversed, and the cause remanded to the Circuit Court for further proceedings to be had therein, not in conflict with the views expressed in this opinion.

*Reversed.*